1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   THOMAS JOHN HEILMAN,                    No.  2:13-cv-1443-JAM-EFB P

11                Petitioner,

12          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
13   D. PARAMO,

14                Respondent.

15

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17   28 U.S.C. § 2254.  Respondent moves to dismiss the petition as untimely and barred by *Preiser v.*

18   *Rodriguez*, 411 U.S. 475, 500 (1973).  After briefing on the motion was completed, petitioner

19   filed a request for leave to file a surreply (ECF No. 15).  Local Rule 230 contemplates a motion,

20   an opposition and a reply.  A surreply is not an authorized filing and petitioner's request for leave

21   to file a surreply is denied.

22          **I.  Background**

23          Petitioner challenges a disciplinary finding that he committed battery on another inmate

24   on March 8, 2011.  ECF No. 1.  According to petitioner, it was the other inmate who attacked him

25   while the prisoners were inadequately supervised, but petitioner was found guilty of assault due to

26   the retaliatory acts of prison staff.  *Id.* at 8-12.  The determination of guilt carried with it a

27   forfeiture of 75 days of behavioral credit.  *Id.* at 55.  Petitioner wishes to have the discipline

28   expunged from his file and the behavioral credit restored.  *Id.* at 26.

## II. The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

Where, as here, the petition challenges a prison disciplinary finding rather than a state court judgment, § 2244's one-year limitation period still applies and the date the statute of limitations begins to run is determined under subparagraph (D) of § 2244(d)(1) — the date when the factual predicate of the claim could have been discovered by the petitioner through the exercise of due diligence.  In prison disciplinary matters, this date is typically the date the prison disciplinary decision becomes final on administrative review.  *Shelby v. Bartlett*, 391 F.3d 1061, 1063-66 (9th Cir. 2004) (AEDPA's limitation period applies "even if the petition challenges a pertinent administrative decision rather than a state court judgment," and the factual predicate under § 2244(d)(1) (D) is the date the state prisoner received notice that his administrative appeal challenging the revocation of good time credits was denied); *see also Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when parole board denied prisoner's administrative appeal challenging the board's decision that he was unsuitable for parole).

### A. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

1    rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed

2    post-conviction application is "pending" during the intervals between a lower court decision and

3    the filing of a new petition in a higher court if the second petition was filed within a "reasonable

4    time" after the denial of the first.  *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*,

5    692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir.

6    2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the

7    Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement,"

8    and are, without adequate explanation, unreasonable under California law).  A federal habeas

9    application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82

10   (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v.*

11   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

12         **B.  Equitable Tolling**

13         The limitations period may also be equitably tolled where a habeas petitioner establishes

14   two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

15   circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631

16   (2010).  Petitioner has the burden of showing facts entitling him to equitable tolling.  *Smith v.*

17   *Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.

18   2002).  The threshold necessary to trigger equitable tolling is very high, "lest the exceptions

19   swallow the rule."  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable

20   tolling may be applied only where a petitioner shows that some external force caused the

21   untimeliness.  *Id.*

22         **C.  Analysis**

23         The parties do not dispute the timing of various events relevant to the determination of the

24   limitations period.  Petitioner's administrative appeal of his discipline became final on September

25   19, 2011, when it was denied at the third and final level of review, and that the limitations period

26   began to run the following day.  ECF No. 1 at 85; ECF No. 12 at 3; ECF No. 13 at 3.  The

27   limitations period ran until petitioner filed a state superior court petition on October 16, 2011.

28   ECF No. 1 at 71; ECF No. 14 at 2 n.1; ECF No. 13 at 3.  That petition was denied on December

1  16, 2011.  ECF No. 1 at 71-73.  Petitioner filed an unexhausted federal petition on October 9,

2  2012, which was dismissed on February 13, 2013.  ECF No. 12-5 at 28-29.  The same day

3  (February 13, 2013), petitioner filed a petition in the California Supreme Court, which was denied

4  on April 10, 2013.  *Id.* at 3; ECF No. 1 at 74.  The instant petition was filed on July 18, 2013.

5  ECF No. 1.

6        Thus, absent tolling, 667 days elapsed between start of the limitations period and the filing

7  of this petition—302 days in excess of AEDPA's one-year limitations period.  Respondent

8  concedes, however, that petitioner was entitled to statutory tolling for the time in which his

9  superior court petition was pending, 61 days.  Respondent correctly argues that petitioner's

10  unexhausted federal petition provides no basis for statutory tolling.  Respondent also argues that

11  the limitations period had already expired by the time petitioner filed in the California Supreme

12  Court on February 13, 2013, because 26 days elapsed between the final determination of

13  petitioner's administrative appeal and his first state court petition and 425 days elapsed between

14  the denial of the superior court petition and the filing of the supreme court petition, bringing the

15  total elapsed time to 451 days, or 86 days in excess of the 365-day limitations period.  Because

16  the 425-day delay between state petitions was unreasonable, respondent argues, it cannot toll the

17  AEDPA limitations period.  *See, e.g., Velasquez*, 639 F.3d at 968.  Further, because an untimely

18  state petition does not revive an expired federal limitations period, petitioner's state supreme

19  court petition provides no basis for statutory tolling.  *Ferguson*, 321 F.3d at 823.  Thus, the bare

20  timings of petitioner's filings indicate that the instant petition is untimely by 241 days.

21        Petitioner argues, essentially, that the delay between the denial of his superior court

22  petition and the filing of his state supreme court petition was not unreasonable because, due to

23  staff misconduct, he did not receive the superior court denial until April 17, 2012.  ECF No. 13 at

24  4-5.  He argues that he received that order along with numerous other legal materials on that date

25  in a state of such disarray that he became confused.  *Id.* at 5.  This confusion caused him to file

26  the unexhausted federal petition on October 9, 2012 instead of exhausting the case by filing in the

27  California Supreme Court.  *Id.*  When he realized the petition was not exhausted, he requested its

28  voluntary dismissal on February 13, 2013.

4

1    Petitioner's argument would justify tolling of the limitations period during the pendency

2    of both state petitions as well as the time between them, a total of 543 days.  Because just 26 days

3    passed between the final administrative determination and the filing of the first petition, and 99

4    days passed between the state supreme court denial and the filing of this case, petitioner's

5    argument would bring his case well within the 365-day limitations period.[1]

6    Assuming the truth of petitioner's assertions, he has provided a persuasive justification for

7    the delay between the denial of his superior court petition and April 17, 2012, the date he

8    concedes he finally received the order denying the petition, a period of 124 days.  Petitioner's

9    only justification for the delay following April 17, 2012, is the "confusion" caused by the disarray

10   of his legal materials.  Petitioner does not explain how the disarray confused him, why it caused

11   him to file an unexhausted federal petition rather than a state supreme court petition (as he

12   claims), or why—even if there were some persuasive explanation for the erroneous filing—his

13   confusion caused a delay of 175 days between April 17th and the filing of the unexhausted

14   federal petition.  Petitioner has not provided the court with information from which the court can

15   conclude that the delay between his receipt of the superior court's order and the filing of the state

16   supreme court petition was reasonable.  Even accepting petitioner's claim that staff wrongfully

17   deprived him of the superior court order until April 17, 2012 and tolling the limitations period for

18   the time between the filing of the superior court petition and petitioner's receipt of the order, the

19   instant petition remains untimely by 118 days.[2]

20   Petitioner argues that the limitations period should be equitably tolled due to the

21   misconduct of staff in withholding and disturbing his legal materials and his resulting confusion.

22   /////

23

24   [1] Petitioner actually argues only for tolling during the times his state petitions were being
     considered by the state courts and not for the time between them.  (He seeks equitable tolling of
25   the remaining time, discussed below.)  However, if the court determines that the delay between
     filings was reasonable, the entire period is tolled under 28 U.S.C. § 2244(d)(2).

26
27   [2] From September 20, 2011 (the date the discipline became final) through July 18, 2013
     (the date this petition was filed) was 667 days.  Subtract 184 days for October 16, 2011 through
28   April 17, 2012 (the date of filing the superior court petition through the date petitioner received
     the court's order) and 365 days for the limitations period to obtain 118 days.

5

For the same reasons discussed in the preceding paragraph, petitioner has not met the "high bar" required for equitable tolling; he has not adequately explained his delay following April 17, 2012. Petitioner has not provided the court with facts that would show his diligent pursuit of this case between that date and the filing of the first, unexhausted, federal petition (175 days) or between the denial of the supreme court petition and the filing of the instant petition (99 days).  Nor has petitioner described how the disarray of his papers caused him such confusion, which might have persuaded the court that the alleged staff misconduct caused the delays.  Accordingly, the petition should be dismissed as untimely.

### III. *Preiser* and the Core of Habeas

Respondent also argues that the instant case must be brought under 42 U.S.C. § 1983 rather than as a petition for writ of habeas corpus.  Because the petition must be dismissed as untimely, it is not necessary for the court to address this argument at this time.

### IV. Order and Recommendation

For the foregoing reasons, it is hereby ORDERED that petitioner's request for leave to file a surreply (ECF No. 15) is denied.

Further, it is RECOMMENDED that:

1.  The December 12, 2013 motion to dismiss (ECF No. 12) be granted; and

2.  The petition for writ of habeas corpus be dismissed with prejudice as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

/////

1    § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

2    final order adverse to the applicant).

3    DATED:  August 13, 2014.

4                                                    EDMUND F. BRENNAN

5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7